343 So.2d 56 (1977)
Cornelius MOYLAN and Alma Moylan, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 76-323.
District Court of Appeal of Florida, Fourth District.
February 25, 1977.
Wilton L. Strickland of Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellants.
Nancy Little Hoffmann of Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from a judgment of the trial court holding that the appellant insured was not entitled to recover under the medical payments clause of her policy with the appellee carrier.
The medical payments provision provided for coverage of medical bills incurred within one year of the accident involved. However, the insured also had personal injury protection benefits (hereafter referred to as PIP) under the same policy with limits of $5,000.00 and under Section 627.736(4), Florida Statutes (1975) these PIP benefits are primary. The insured's medical expenses did not reach the $5,000.00 PIP benefits limit until after a year had expired and thereafter her medical expenses went up to some $11,182.14. Her claim under the medical payments clause was then denied on the basis that the year had expired and the trial court upheld the denial.
The one year limitation on the medical payments coverage is clear and unambiguous and has been upheld in Florida. Reliance Mutual Life Insurance Co. of Illinois v. Booher, 166 So.2d 222 (Fla.2nd DCA 1964). Likewise, the legislature has clearly provided that personal injury protection benefits are to be primary. Under these circumstances it may be that the value of medical payments coverage has been sharply reduced with the enactment of no fault insurance under which personal injury protection benefits are made mandatory and *57 primary. However, since medical payments coverage is an optional coverage not required by law, we cannot interfere with the terms of the contract made between the parties in providing for such coverage.
The judgment of the lower court is affirmed.
LETTS, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge (concurring specially).
Appellant purchased from Appellee an insurance policy which included two "benefits." One, that if she were to pay a certain premium she would receive personal injury protection as required by Section 627.730, et seq., Florida Statutes (1975). This particular area of the insurance code is commonly referred to as no-fault insurance and inter alia provides that these statutorily mandated benefits are primary and must be exhausted prior to any other insurance benefits becoming applicable. Section 627.736(4), Florida Statutes (1975). Second, that if she were to pay an additional premium she would receive an additional benefit commonly called medical payments. This coverage provides for additional protection for the policy holder in the event she exceeds the amount provided under her personal injury protection benefits. Therefore if she has a serious injury which causes her to incur an excessive amount of bills in connection with treatment of her injuries then this additional coverage will protect her from this greater financial loss.
She paid an additional premium for this supposed additional benefit. She thought she was protecting herself, evidently. But she was not protecting herself and the insurance company is not required to protect her because the contract says it does not have to when it is read in connection with the aforementioned statute. Due to the particular injuries of the Appellant she did not exhaust all of her personal injury protection benefits within one year of the accident. But she did exhaust those personal injury payment benefits after a period of one year. The medical payments provision in the insurance policy has a limiting provision which says that she must incur the additional expenses within one year of the date of the accident to be entitled to reimbursement. Since there was a one year limit and since the legislature has designated PIP benefits to be primary the insurance company does not have to pay Mrs. Moylan's medical bills under the medical payment provision and they can keep the premium. It is not of record when Mrs. Moylan and State Farm entered into their insurance contract so we do not know whether this provision regarding medical payments was in existence prior to the passing of the no-fault statute. Maybe if we did the result might be different since the Appellant has raised the issues of "unconscionability" and "void as against public policy." In any event the legislature might look into the matter for the public.