BERANEK, Judge.
This is an appeal from a final judgment relating to insurance coverage. The defendant, Florida Farm Bureau Casualty Insurance Company, appeals and presents three points. We -affirm in part and reverse in part.
Appellant initially questions the trial court’s stacking of medical payment provisions in the various policies. The policies in question were initially issued in 1968 and amended thereafter to comply with the automobile no fault law. The accident occurred December 23, 1973. The ruling of the trial court regarding stacking is in accord with existing authorities on the subject and is affirmed. See, Dyer v. Nationwide Mutual Insurance Company, 276 So.2d 6 (Fla.1973), and Government Employees Insurance Company v. Sweet, 186 So.2d 95 (Fla. 4th DCA 1966).
Appellant next questions the trial court’s finding that the one-year limitation contained in the medical payment provision of *868 the policy was unconscionable. The insurance policy here contained personal injury protection benefits (PIP) as required by the no fault statute, Florida Automobile Reparations Reform Act, and also contained Medical Payments Coverage which was additional coverage not required by statute. The Medical Payments Provision of the policy provided as follows:
“II. Medical Payments — Coverage C
To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services to or for [the insured].” (Emphasis added.)
The appellant carrier paid the insured’s medical expenses under PIP and after the PIP benefits were exhausted, refused to pay medical expenses incurred more than one year after the date of the accident. The trial court found the one-year limitation to be unconscionable and required appellant to pay medical expenses incurred more than one year post accident and which were in excess of PIP limits.
This Court’s decision in Moylan v. State Farm Mutual Automobile Insurance Company, 343 So.2d 56 (Fla. 4th DCA 1977), is applicable. Therein a similar problem was discussed and in a special concurring opinion mention was made o.f the possibility of an unconscionable argument in the same circumstances now presented. We now reject the reasoning of the trial court in finding this one-year limitation to be unconscionable and totally void. It may well be that this problem should be addressed by the Legislature; but it also appears that the insured could not have been misled into thinking that Medical Payments coverage existed beyond the one-year period.
If the insured has been treated unfairly in any manner, it is in paying premiums for PIP coverage and Medical Payments coverage where an over-lap or duplication of coverage may exist. Still, when faced with the limits of the PIP coverage an insured may well decide to pay extra for the somewhat duplicitous coverage provided under Medical Payments.
The Legislature has dictated that the PIP benefits shall be primary in Sec. 627.736(4) and since Medical Payments protection is optional coverage, the insured is free to purchase or not purchase it. The policy in question also provides:
“Excess Insurance Provision
“Any automobile medical payments insurance and any protection against uninsured motorists insurance afforded by the policy shall be excess over any benefits available; or which would be available but for the application óf a deductible, under the Florida Automobile Reparations Reform Act.” (Emphasis supplied.).
Thus by statute and by contract the Medical Payments coverage here was excess and the PIP coverage primary.
Obviously, the better solution would be to require carriers to provide Medical Payments coverage for a period of one year after exhaustion of the PIP benefit limits. However, the fact that Medical Payments coverage does not benefit the insured here does not mean the coverage would not be of great benefit under appropriate circumstances. To simply hold the one-year limitation unconscionable has the effect of abrogating it entirely and subjecting the carrier to liability for medical expenses without limitation. This would come as a great surprise even to the insured when faced with the unambiguous policy provisions stated above.
In view of the above, we reverse the finding of unconscionability by the trial court.
The third point on appeal relates to attorneys’ fees. These fees were dependent in part on the insured’s successful attack on the one-year policy provision. Therefore, the attorneys’ fees are also reversed.
The cause is affirmed in part and reversed in part and is remanded for further proceedings in the trial court.
AFFIRMED IN PART AND REVERSED IN PART. REMANDED WITH DIRECTIONS.
ANSTEAD and LETTS, JJ., concur.