NESBITT, Judge.
Blume, the insured commenced this action for a declaratory judgment that the defendant insurance company be required to pay 100% of the insured medical bills— 80% out of available personal injury protection (PIP) coverage and 20% out of available medical payments coverage — even though all available personal injury coverage had not been exhausted. After a non-jury trial, the court entered a judgment in favor of the defendant. We affirm.
The policy in dispute contains separate declarations for medical coverage payment and PIP. Under the PIP benefits, the insurer was required to pay 80% of all medical expenses up to the policy limits of $10,-000. Under the medical coverage payments, the insurer was obligated to pay 100% of medical payments not to exceed $5,000.
Section 627.736, Florida Statutes (1979) provides that PIP benefits are primary and mandatory, while medical payment coverage is optional. Moylan v. State Farm Mutual Automobile Insurance Company, 343 So.2d 56 (Fla. 4th DCA 1977). Accord, Florida Farm Bureau Casualty Insurance Company v. Fichera, 366 So.2d 867 (Fla. 4th DCA), cert. denied, 376 So.2d 71 (Fla.1979). Furthermore, the insurance policy unambiguously states that medical payments insurance will be excess over any PIP benefits.
Any automobile medical payments insurance .. . afforded by the policy shall be excess over any personal injury protection benefits paid or payable ... If automobile medical payments insurance is afforded by this policy, that insurance shall be applicable for medical expenses incurred within three years beginning on the date all personal injury protection benefits have been exhausted, (emphasis supplied)
The declaration concerning medical payments coverage provided:
Any amounts otherwise payable for expenses under this coverage (medical payments coverage) shall be reduced by any amounts paid or payable for the same expenses under any Auto Liability or Uninsured Motorist Coverage provided by this policy.
We cannot interfere with the plain and unambiguous provisions of an insurance policy where the parties are free to contract. Moylan, supra. Consequently, we find that the trial court correctly deter *1048 mined that PIP benefits must be exhausted prior to payments from medical payment coverage.
Appellant’s reliance on Holloway v. State Farm Mutual Insurance Company, 370 So.2d 452 (Fla. 4th DCA 1979) does not alter the result reached in the present case. In Holloway, the insured presented two claims for: (a) medical benefits; and (b) loss of income. Medical expenses were covered by PIP and medical payment coverage, while loss of income was only covered by PIP. The insurance company had used PIP to pay medical bills and denied any further claims for loss of income because the PIP coverage had been exhausted. The insured claimed the right to use PIP for loss of income and when exhausted, to use medical payment coverage for medical expenses. The court recognized that PIP coverage is primary and must be exhausted before medical payment benefits became available, but permitted the insured to elect the manner in which the payments were applied so as to maximize the benefits. Consequently, insofar as Holloway, supra, recognized that PIP must be exhausted prior to the use of medical payment coverage, that decision is consistent with the decision in the present case.
For the foregoing reasons, we affirm.