DELL, Judge.
Archer E. Christian appeals from a declaratory judgment that denied his claim for medical payment benefits.
Appellant purchased an automobile insurance policy from appellee, Colonial Penn Insurance Company, which included medical payments coverage. The policy described the coverage as “Excess Medical Expense Coverage” and provided:
We ’ll pay reasonable covered medical expenses for bodily injury to an insured person caused by an auto accident....
We won’t make any payment under this coverage for medical expenses that are payable to, or on behalf of, the injured person under the provisions of any of the following:
• Any premises insurance with medical benefits.
• Any individual, blanket or group insurance covering accidents, disability or hospitalization.
• Any medical, surgical, hospital or funeral service benefit or reimbursement plan.
• Any workers’ compensation or disability benefits law or any similar law.
Appellant suffered personal injuries in an automobile accident and submitted his claim to appellee. Appellee paid 80% of appellant’s medical expenses under the personal injury protection coverage afforded by the policy. Appellee then informed appellant that before it would pay the remaining 20% of his medical expenses he had to submit his claim for payment of those expenses to his health insurance carrier.
Appellant filed a petition for declaratory relief to determine the validity of the exclusions contained in the “Excess Medical Payments” section of the policy. The exclusions make the automobile medical payments coverage excess to his health insurance coverage notwithstanding the requirements of section 627.736(4)(f), Florida Statutes (1985). The trial court held that the exclusion did not violate section 627.-736(4)(f). We disagree and reverse.
Section 627.635, Florida Statutes (1985) permits, with certain express conditions, an excess insurance provision in a health insurance policy. See part IV. of *625 Chapter 627 entitled “HEALTH INSURANCE POLICIES.” However, we find no support for appellee’s position in section 627.635.[1] Part XI of Chapter 627, entitled “MOTOR VEHICLE AND CASUALTY INSURANCE CONTRACTS” controls. Part XI includes section 627.736(4)(f) which provides:
(f) Medical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (l)(a), regardless of whether the full amount of personal injury protection has been exhausted. The benefits shall not be payable for the amount of any deductible which has been selected.
We hold that the express requirements of section 627.736(4)(f) cannot be avoided by labeling medical payments coverage in an automobile insurance policy as “excess” coverage. The policy exclusions must give way to the mandatory requirements of section 627.736(4)(f), and to the extent that the amount of such coverage permits, medical payments insurance shall be payable to cover those medical benefits not covered due to the coinsurance provision of section 627.736(l)(a), Florida Statutes (1985). Accordingly, we reverse the final declaratory judgment in favor of appellee and remand the cause to the trial court for entry of judgment in favor of appellant.
REVERSED AND REMANDED.
LETTS and GUNTHER, JJ., concur.

. At oral argument, appellee abandoned its argument based on section 627.635.