GUNTHER, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) appeals a summary final judgment entered in favor of Andy Zuckerman (Zuckerman). The trial court held that State Farm, a coinsurer with Horizon Insurance, must provide coverage to Zuckerman for all 20% of his medical expenses without subtracting the $2,000.00 deductible of the Horizon policy under which he was a dependent insured. We affirm.
*896 While riding in a motor vehicle owned by a third party and insured by State Farm, Zuckerman, a passenger, was injured in an accident with an uninsured motorist. At the time of the accident, Zuckerman resided with his mother and was entitled to protection under her Horizon Insurance policy. The Horizon policy did not provide medical payments coverage protection and contained a $2,000.00 deductible. The State Farm policy, on the other hand, provided medical payments coverage protection and contained no deductible.
The Horizon policy, under the PIP coverage, paid Zuckerman 80% of his medical expenses minus the $2,000.00 deductible and the $100.00 statutory deductible. Zuckerman maintained that State Farm, under its medical payments coverage, is responsible for the remaining 20% of his medical expenses. Although State Farm acknowledges that it is responsible for 20% of his medical expenses, State Farm asserts that the $2,000.00 Horizon policy deductible should be subtracted from the 20% calculation. In essence, although the State Farm policy has no deductible, State Farm seeks to take advantage of the Horizon policy’s $2,000 deductible by applying it to its own policy thereby reducing the amount due Zuckerman for medical payments.
State Farm relies on section 627.-736(4)(f), Florida Statutes (1987), as support for its position. This medical payments coverage statute provides:
(f) Medical payments insurance, if available in a policy of motor vehicle insurance shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (l)(a), regardless of whether the full amount of personal injury protection coverage has been exhausted. The benefits shall not be payable for the amount of any deductible which has been selected.
§ 627.736(4)(f), Fla.Stat. (1987) (emphasis added).
In our view, this language is applicable to a single policy, but does not apply when more than one policy has been implicated as in the instant case. The statement that “benefits shall not be payable for the amount of any deductible which has been selected” refers to the deductible in the policy under which the medical payments are being paid. In the instant case, it is the State Farm policy that is providing the medical payments coverage.
We agree with Zuckerman’s assertion that the $2,000.00 Horizon deductible is inapplicable because the medical payments coverage provision of the State Farm policy provides that the medical payments coverage is excess over:
a. any medical expenses paid or payable under no-fault — coverage P, or which would be except for any reduction described under no-fault coverage P “When Payments Are Reduced”; and
b. medicare or military benefits.
Accordingly, the only pertinent deductions to the medical payments coverage are those found in the no-fault provision entitled “When Payments Are Reduced.” This section provides:
We will reduce the amount payable by:
1. the deductible amount shown in the schedule for your coverage symbol;
2. Medicare or military benefits paid or payable when the schedule shows the reduction for your coverage symbol; and
3. the amount of any worker’s compensation or Medicaid benefits paid or payable for the same items or loss or expense.
“Your” is defined in the policy as “the named insured or named insureds shown on the declarations page.” By reading the two sections in conjunction, and taking into consideration the use of the word “your,” we conclude that the only applicable deduction for the medical payments coverage is that found in the State Farm policy. Thus, the State Farm policy has no deductible applicable to the medical payments provision of its policy and the trial court did not err in failing to apply the Horizon deductible and subtract $2,000.00 from the medical expenses owed Zuckerman under the State Farm policy.
*897 In addition to the argument discussed above, State Farm raises several other arguments in support of their position that the Horizon deductible should be applied in computing what is owed Zuckerman under their policy. However, they lack' merit and do not require discussion to resolve the issue on appeal.
Furthermore, in our view, to hold that the Horizon deductible is applicable to the State Farm policy would cause an unjust result in the instant case. If Zuckerman did not have insurance coverage under the Horizon policy, it is obvious that State Farm would be responsible for the full 20% of his medical expenses and could not make a legitimate argument to the contrary. Considering the public policy in favor of insurance coverage and benefits, we do not believe the legislature intended to create a situation where an insured would receive reduced benefits as a result of other coverage under another policy of insurance.
In conclusion, we hold that the trial court did not err in failing to subtract the $2,000.00 Horizon deductible from the 20% of the medical expenses owed Zuckerman under the State Farm policy. Therefore, we affirm the final judgment awarding Zuckerman 20% of his medical expenses for a total amount of $2,241.80.
AFFIRMED.
LETTS and DELL, JJ., concur.