543 So.2d 845 (1989)
Randall SAPIENZA, Appellant,
v.
SECURITY INSURANCE COMPANY OF HARTFORD, Appellee.
No. 87-0626.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
Rehearing and Clarification Denied June 21, 1989.
*846 Mark R. McCollem and Mark N. Hirsch of Chidnese & McCollem, Fort Lauderdale, for appellant.
James G. Salerno and Paula Kessler of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
We reverse the order of the trial court granting appellee's motion to dismiss the second amended complaint. Appellant's complaint was for arbitration on uninsured motorist benefits under a garage keepers policy. Appellee moved to dismiss the complaint on the ground that a garage keepers policy does not fall within the statutory mandates of section 627.727, Florida Statutes (1987), providing for uninsured motorist coverage. However, in Coleman v. Florida Insurance Guaranty Association, 517 So.2d 686 (Fla. 1988), the supreme court considered a garage keeper's policy of insurance and determined that uninsured motorist coverage under section 627.727, Florida Statutes (1987), was afforded. It is the substance of the policy and not the title which controls whether or not section 627.727, Florida Statutes (1987), applies. See Chicago Insurance Company v. Dominguez, 420 So.2d 882 (Fla. 2d DCA 1982); Aetna Casualty & Surety Company v. Fulton, 362 So.2d 364 (Fla. 4th DCA 1978).
The garage keepers policy covers liability for motor vehicle accidents. Therefore, compliance with section 627.727, Florida Statutes (1987), was required. Chicago Insurance Company.
Reversed and remanded to reinstate plaintiff's complaint and for further proceedings thereon.
HERSEY, C.J., and STONE and WARNER, JJ., concur.