590 So.2d 506 (1991)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Robert SWEARINGEN, Appellee.
No. 90-2347.
District Court of Appeal of Florida, Fourth District.
December 4, 1991.
Richard A. Sherman and Rosemary Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
David C. Wiitala of McManus, Wiitala & Contole, P.A., North Palm Beach, for appellee.
HERSEY, Judge.
This is an appeal from a summary final judgment invalidating a time limitation in an insurance policy. The provision in question involves optional medical payments coverage, better known as "med pay." The purpose of the coverage is to pay that portion of medical expenses not covered by the mandatory personal injury protection *507 (PIP or no fault) which pays eighty percent of reasonable medical expenses up to a stated monetary limit, typically $10,000.00.
The State Farm policy in question contains the following language:
We will pay reasonable medical expenses, for bodily injury for services furnished within three years of the date of the accident.
.....
This coverage is excess over any medical expenses paid or payable under no fault  coverage P [PIP].
(Emphasis in original).
Three years after appellee was injured in an automobile accident State Farm refused to make further med pay reimbursements, but continued to make PIP payments. This refusal resulted in litigation and subsequent summary judgment against State Farm.
While med pay coverage is optional, its scope is established by section 627.736(4)(f), Florida Statutes (1989), which reads as follows:
Medical payment insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (1)(a), regardless of whether the full amount of personal injury protection coverage has been exhausted. The benefits shall not be payable for the amount of any deductible which has been selected.
[Paragraph (1)(a) is the 80% PIP coverage.]
The issue here is the interplay between the policy provision quoted above and this statute. Appellant seeks reversal on three grounds.
First, appellant argues that invalidating the limitation period is an unconstitutional impairment of a contract and that courts may not rewrite insurance policies to find coverage. Section 627.418(1), Florida Statutes (1989), specifically states that any insurance policy which contains any condition or provision not in compliance with the requirements of the insurance code (of which the med pay insurance statute is a part) shall be construed and applied as if the policy had been in full compliance with the code. See U.S. Fire Ins. Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977) (where policy is not in conformance with statute, court writes into policy a provision to comply with law). So, if the three year limitation conflicts with the insurance code's med pay statute, the court simply construes limitation language so as to eliminate the conflicting language; everything else in the policy is given effect.
Second, appellant argues that Florida case law permits a limitation period on med pay coverage. Appellant relies on two cases from this court to support its argument: Florida Farm Bureau Casualty Ins. Co. v. Fichera, 366 So.2d 867 (Fla. 4th DCA), cert. denied, 376 So.2d 71 (Fla. 1979), and Moylan v. State Farm Mut. Auto. Ins. Co., 343 So.2d 56 (Fla. 4th DCA 1977). Both of these cases involve facts similar to those in the instant case, i.e., the insurance companies refused to pay the med pay coverage based on a time limitation in the med pay portion of the policies in question. In both cases, this court upheld the time limitation. However, these cases were decided before the existence of the med pay statute in the insurance code; as a matter of fact, these cases may well have encouraged the 1982 amendment which created the med pay statute. In both cases, this court urged the legislature to revisit the insurance code and correct the unfortunate result caused by the effect of the insurance company's time limitation in med pay. Fichera, 366 So.2d at 868; Moylan, 343 So.2d at 57. Therefore, these cases are not applicable to the instant case, and appellant's reliance on them is misplaced.
Third, appellant argues that the language of the med pay statute itself allows for a time limitation because it states "if available," and thus, appellant argues, in this case med pay coverage was no longer "available" because it expired after three years. See § 627.736(4)(f), Fla. Stat. (1989) ("[m]edical payments insurance, if available in a policy of motor vehicle insurance, shall *508 pay the portion of any claim for personal injury protection... ."). This argument is totally without merit. In our view, the "if available" language simply indicates the optional nature of med pay coverage. PIP insurance is mandatory; med pay insurance is optional. The "if available" language means only that "if the insured person has purchased the med pay in his/her insurance policy" this is what it accomplishes.
The intent of the legislature regarding the med pay statute seems clear; med pay coverage is available as a supplement to PIP to permit the purchase of insurance that will cover 100% of medical bills (up to whatever monetary limit is chosen). The staff analysis of the 1982 amendment of the insurance code states in pertinent part: "[Section 627.736] [p]aragraph 4(f) provides that medical payments coverage fills the gaps left by the PIP policy... ." (Emphasis added). Again, the med pay statute provides as follows:
Medical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but not payable due to the coinsurance provision of paragraph (1)(a), regardless of whether the full amount of [PIP] coverage has been exhausted.
§ 627.736(4)(f), Fla. Stat. (1989) (emphasis added). A three year limitation on the med pay portion of a policy would defeat the legislative intent in the med pay statute as we interpret that intent.
Additionally, this court in Christian v. Colonial Penn Ins. Co., 537 So.2d 623 (Fla. 4th DCA 1988), interpreted the med pay statute as mandatory and construed the policy so as to eliminate language that conflicted with it. In Christian, the insurance company was trying to avoid paying the med pay portion by labeling it as "excess" coverage to Christian's health insurance and thus excluding it. Id. at 624. This court held that the policy in question "must give way to the mandatory requirements of section 627.736(4)(f), and to the extent that the amount of such coverage permits, medical payments insurance shall be payable to cover those benefits not covered due to the coinsurance provision of [PIP] section 627.736(1)(a), Florida Statutes (1985)." Id. at 625.
We therefore hold that the trial court did not err in finding that, as a matter of law, the policy's three year limitation on med pay coverage was invalid.
AFFIRMED.
DELL and GUNTHER, JJ., concur.