WARNER, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.160(d), the County Court of Palm Beach County has certified to us as a question of great public importance the following:
*340 DOES THE PIP STATUTE AND FLA. STAT. 627.736(4)(f) COMPEL THE ADDITION OF AN INSURED CLASS NOT PROVIDED BY AN INSURANCE COMPANY’S POLICY DEFINITION OF INSURED SO THAT THE MEDICAL PAYMENTS COVERAGE WILL DEFINE “INSURED” AS NOW REQUIRED FOR PERSONAL INJURY PROTECTION COVERAGE IN FLA. STAT. 627.736(1) AND 627.736(4)?
We have accepted jurisdiction pursuant to Rule 9.030(b)(4)(A) and Rule 9.160(d).
This case arises from an accident wherein the appellant Bolden, a pedestrian, was struck by an automobile driven by Ginger Hobson who had an automobile insurance policy with the appellee, State Farm. State Farm paid personal injury protection benefits to Bolden in the amount of 80% of Bol-den’s medical bills, as required by the PIP statute. § 627.736(l)(a), Fla. Stat. (1993). Bolden also claimed that even though he did not fall within the definition of “insured” in the optional “medical payments” coverage in the State Farm policy, he was statutorily entitled to the medical payments coverage pursuant to section 627.736(4)(f), so that the remaining 20% of his medical bills not covered by PIP would be paid. State Farm refused to pay the claim, and Bolden filed suit for the insurance benefits.
On cross motions for summary judgment, the county court judge determined that State Farm was not liable for medical payments coverage (med pay) to Bolden. The court first observed that while Bolden was an insured for purposes of PIP coverage under the policy, the med pay coverage definition of insured in the policy excluded pedestrians unless the pedestrian was the named insured, the spouse of the named insured, or a relative of either. Bolden did not fit within the policy definition.
The court noted that the policy was unambiguous, and under its med pay definition of “insured,” Bolden could not recover. The court then looked at section 627.736(4)(f), which Bolden claims mandated coverage. That section provides:
Medical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (l)(a), regardless of whether the full amount of personal injury protection coverage has been exhausted. The benefits shall not be payable for the amount of any deductible which has been selected.
Observing that the statute did not explicitly require med pay coverage to be coextensive with PIP coverage, the court noted that when the Legislature desired to mandate coverage, it knew how to do so. See, e.g., § 627.727(1), Fla. Stat. (1993) (requiring insurance companies offering bodily liability coverage to include uninsured motor vehicle coverage). The court also referred to a Staff Report of the Florida House of Representatives, “House Committee on Insurance,” dated March 4, 1982, which stated regarding subsection (4) of section 627.736 which was added in the 1982 rewrite of the Insurance Code:
These subsections are enacted with mostly technical changes. They govern the insured’s right to recover special damages and tort claims and specify when benefits are due under the policy. Paragraph (4)(f) provides that medical payments coverage fills the gaps left by the PIP policy and it becomes effective upon the governor’s signature.
From this review of the few markers of legislative intent, the court concluded that as medical payments coverage was optional, the statute “was intended to do nothing more than coordinate the payment of benefits between the legislatively-mandated PIP benefits and voluntary medical payments benefits in those situations where the latter benefits are available.” After a review of the relevant eases discussing the med pay statute, the court determined that there was no legislative mandate in section 627.736(4)(f) to require medical payments coverage to be extended to non-relative pedestrians. The court thus granted summary judgment in favor of State Farm.
In certifying this question to this court as a question of great public impor *341 tance, the trial court noted that the issue has been raised in many county court cases in various circuits. Moreover, the Florida Department of Highway Safety and Motor Vehicles traffic crash data from 1992 shows that 7,464 pedestrians and 6,996 bicyclists were involved in crashes. Although there were no statistics to show how many of these accidents involved automobiles so as to involve PIP coverage, it is likely a significant number would have triggered insurance coverage. If med pay were required to be extended to all pedestrians, as are PIP benefits, the trial court reasoned that premiums may have to be increased to cover this additional exposure. The trial court was of the belief that the same type of exclusionary language appears in most med pay coverage provisions throughout the insurance industry. For these reasons, we have exercised our discretionary jurisdiction to answer the question certified.
Personal Injury Protection insurance is required of every owner of a motor vehicle in Florida. Section 627.736(1) provides in pertinent part:
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical Benefits. Eighty percent of all reasonable expenses for necessary medical, surgical, ... services-
Additional medical payments coverage is not required by any law. However, section 627.736(4)(f), set forth above, provides that if available, medical payments coverage shall pay the 20% of medical expenses excluded under section 627.736(l)(a). As section 627.736(4)(f) states that such insurance shall pay “any claim for personal injury protection medical benefits which is otherwise covered,” Bolden argues that the medical payments insurance should be available to a pedestrian who is statutorily mandated to receive PIP coverage. Thus, where any medical payments insurance is purchased and therefore “available” under the policy, the statute would require its benefits to be extended to all classes of individuals who are required to receive PIP benefits under the statute.
State Farm, on the other hand, contends that since medical payments insurance is not required at all, it is a matter of contract between the insured and insurer as to which persons will receive its benefits and be classified as “insureds” under the policy. Because medical payments coverage is not “available” to pedestrians such as Bolden under the State Farm policy, section 627.736(4)® would not be activated.
In State Farm Mut. Auto. Ins. Co. v. Swearingen, 590 So.2d 506 (Fla. 4th DCA 1991), rev. denied, 599 So.2d 1280 (Fla.1992), the policy in question limited medical payments coverage to medical services furnished within three years of the date of the accident. When State Farm refused to make medical payments three years after the accident but continued to make PIP payments, the insured sued. Our court stated:
[AJppellant argues that the language of the med pay statute itself allows for a time limitation because it states “if available,” and thus, appellant argues, in this case med pay coverage was no longer “available” because it expired after three years. See § 627.736(4)®, Fla. Stat. (1989) (“[mjedical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection_”). This argument is totally without merit. In our view, the “if available” language simply indicates the optional nature of med pay coverage. PIP insurance is mandatory; med pay insurance is optional. The “if available” language means only that “if the insured person has purchased the med pay in his/her insurance policy” this is what it accomplishes.
*342 590 So.2d at 507-08. State Farm notes that in Swearingen the med pay was “available” to the insured under the policy language. What the court struck down was a contract limitation not contained in the statute, on coverage otherwise available under the policy. In the instant case, med pay is not “available” to the pedestrian under the policy, as the pedestrian was excluded from its terms altogether. Because of this distinction we do not find Swearingen controlling of the result in this case.
We are faced with two equally plausible interpretations of the statutory language. Where a statute is clear and unambiguous, there is no need for statutory interpretation, as the court should follow its plain meaning. Holly v. Auld, 450 So.2d 217 (Fla. 1984). In this case, however, the statute is not plain on its face as to its application to this case, and we must resort to rules of statutory construction in order to ascertain the legislative intent in its enactment. The textual rules of construction offer little assistance in interpreting this statute. However, a resort to legislative history has revealed that there was an express purpose for its enactment.
This particular statute was adopted as part of the 1982 legislative rewrite of the insurance laws of this state. We have reviewed the tapes of the legislative committee meetings at which this statutory change was discussed. At a meeting of the House Insurance Committee on February 9, 1982, the House Staff was asked to explain the various provisions of this bill and described to the committee members the purpose of this section:
Mr. Tilton: On page 25 there’s a paragraph f which has been added to clarify and legislatively overrule a court decision from the Third DCA which said that medical payments coverage did not become available to pay any portion of a PIP claim if PIP limits hadn’t been exhausted and what most people had thought until that decision is that is precisely what med pay was for was to cover the coinsurance difference. This language says “hey, that is what it’s for and you don’t have to exhaust your PIP limits first.” And most insurers have in fact been paying that....
The decision referred to by the staff was Blume v. American Motorist Insurance Co., 407 So.2d 1046 (Fla. 3d DCA 1981). In that case the insurance policy in question provided that medical payments coverage was excess over any PIP benefits paid or payable. Therefore, because the court could not rewrite the unambiguous terms of the policy it held that PIP benefits must be exhausted prior to payments from medical payments coverage. Id. at 1048. Subsection (4)(f) makes clear that PIP does not have to be exhausted before an insurance company must pay the excluded percentages of medical expenses under a med pay provision. The committee comments are also consistent with the House Staff Analysis referred to by the trial court.
The placement of this statutory provision within the body of the statute also supports its purpose. It is part of subsection 627.736(4), entitled “BENEFITS; WHEN DUE.” Provision (4)(f) deals with the timing of the medical payments coverage connected with PIP coverage. Therefore, the construction of the whole statute supports the conclusion that the purpose for the provision was simply to modify the case law regarding timing of medical payments benefits.
While that construction does not determine the meaning of the specific phrasing of the statute, it tells us that the purpose of the legislation was not centered on providing additional coverage to persons but to coordinate coverages. It was clearly designed to modify case law to the contrary. Statutes in derogation of common law must be construed strictly and will not be interpreted to displace the common law further than is clearly necessary to effectuate the purpose of the legislation. Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 364 (Fla.1977).
Here, the case law prior to the enactment of section 627.736(4)(f) held that because medical payments coverage was not mandatory, the courts could not interfere with the terms of the contract made between the parties in providing such coverage. Moylan v. State Farm Mut. Auto. Ins. Co., 343 So.2d 56 (Fla. 4th DCA 1977). The legislation did not *343 change this aspect of prior law in clear and unequivocal terms. See Carlile, 354 So.2d at 364. Therefore, we cannot presume or infer that the construction advocated by the appellant was intended by the Legislature. If the Legislature intends to extend coverage to persons not otherwise covered by optional medical payment provisions in policies, it should write more specific legislation to accomplish that purpose.
For the foregoing reasons, we approve the well-reasoned opinion of the trial court and answer the certified question in the negative.
GROSS, J., and HAUSER, JAMES C., Associate Judge, concur.