693 So.2d 674 (1997)
Alphonse J. MOSCA, Appellant,
v.
GLOBE INDEMNITY, Appellee.
No. 96-1492.
District Court of Appeal of Florida, Fourth District.
May 7, 1997.
Rehearing, Clarification and Certification Denied June 4, 1997.
Stephanie Karp and Robert G. Merkel of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellant.
James T. Sparkman and John W. Reis of Sparkman, Robb, Mason & Ginsburg, Miami, for appellee.
*675 STEVENSON, Judge.
Appellant, Alphonse Mosca, appeals a summary final judgment denying him uninsured motorist (UM) benefits. We reverse, finding that the UM policy's limitation of coverage to "owned" automobiles, where the corresponding liability policy extends coverage to "any" auto, improperly narrows the scope of UM coverage in derogation of section 627.727(1), Florida Statutes (1989).
Appellant was appraising a customer's automobile, within the scope of his employment with Ed Morse Dodge, Inc., when he was injured in an accident with an underinsured motorist. Appellant sought UM coverage under Ed Morse's Garage Liability policy with Globe Indemnity Co. ("Globe"). The policy lists "Morse Operations, Inc." and related corporate entities as the named insureds, and includes "employees" as "insureds." The liability policy covers insured persons in "any auto" where an accident involves "garage operations." The UM portion of the policy, however, expressly limits coverage to "owned autos"; that is, autos owned by a named insured. Because appellant was not driving a vehicle owned by Ed Morse, but was driving a customer's vehicle, Globe asserts that appellant is not entitled to UM coverage. We disagree.
Uninsured/underinsured motorist coverage must, by statute, accompany every automobile liability insurance policy. § 627.727(1), Fla.Stat. (1989).[1] The UM coverage prescribed by this section "is statutorily intended to provide the reciprocal or mutual equivalent of automobile liability coverage...." Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229, 238 (Fla.1971). Thus, UM coverage must extend to "lawful occupants of the insured automobile covered in the automobile liability policy." Id. (emphasis added). Because the customer's vehicle in this case was a "covered auto" under the liability policythat is, "any auto" used in "garage operations"appellant, as an insured lawfully occupying that vehicle, must be afforded UM coverage.
Statutorily prescribed UM coverage "is not to be `whittled away' by exclusions and exceptions." Id. In Ropar v. Travelers Ins. Co., 205 Ga.App. 249, 422 S.E.2d 34, cert. denied (Oct. 8, 1992), a Georgia court applying Florida law held that a UM policy's definition of "covered autos" could not be narrower than the definition provided by the liability policy. The court reversed a summary judgment that denied UM coverage since the judgment was erroneously "based on the enforcement of a definition of `covered auto' more restrictive for uninsured motorist coverage than for `liability coverage.'" Id. 422 S.E.2d at 37. In Ropar, an employee was injured in an accident with an uninsured motorist while riding in a vehicle owned by a contractor of the employer. As in this case, the vehicle may have been "covered" under the liability policy, which covered "owned," "borrowed," and "hired" vehicles,[2] but it was not "covered" under the terms of the UM policy, which purported to cover only "owned" autos.
We approve the Georgia court's interpretation of Florida law in Ropar, and agree that the statutorily-prescribed UM coverage may not be limited by providing a narrower definition of "covered autos" in the UM policy than in the liability policy. Rather, the definition of "covered autos" provided in the liability policy also determines the autos "covered" for purposes of mandatory UM coverage. Therefore, we reverse the summary *676 final judgment denying UM coverage and remand for further proceedings.
FARMER and GROSS, JJ., concur.
NOTES
[1] Section 627.727(1) provides:

No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom....
[2] The court ultimately remanded for a determination of whether the contractor's vehicle was "hired" so as to qualify as a "covered auto" under the definition provided by the liability policy. Id. at 38. In this case, no such remand is required because the definition of "covered auto" in the liability policy is "any auto," which indisputably includes the automobile at issue.