PER CURIAM.
Allstate appeals the ruling of the county court, certified by the circuit court as a question of greát public importance under rule 9.160, Florida Rules of Appellate Procedure, questioning whether the provisions of section 627.736(4)(f), Florida Statutes, require “med pay” coverage to be extended to persons not otherwise insured for med pay, solely because they are insured for PIP coverage. Stated differently, Allstate contends that med pay coverage is not intended to be coextensive with PIP coverage.'
The controversy in this case focuses on the meaning of .section 627.736(4)(f):
Medical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (l)(a), regardless of whether the full amount of personal injury protection has been exhausted. The benefits shall not be payable for the amount of any deductible which has been selected.
Appellee was injured when the bicycle she was riding was struck by a vehicle insured by Allstate for personal injury protection (“PIP”). PIP benefits covered 80% of her medical expenses. She sought to recover the other 20% through the med pay provision in the policy. Allstate denied that claim because appellee did not fall within the definition of an insured for purposes of the med pay coverage in. the policy. The trial court granted final summary judgment for appel-lee, ruling that she was covered for med pay by virtue of section 627.736(4)(f), Florida Statutes, because med pay was intended to be coextensive with PIP.
Appellant contends that the court erred in holding that med pay coverage existed for anyone covered by PIP of the same policy, regardless of the policy provisions as to med pay. Rather, appellant argues, the statutory language means that med pay covers the *112 remaining 20% where it is available and applicable. It does not automatically make med pay applicable to anyone who is covered by PIP.
Appellant also asserts that the statutory language, in particular the phrase “if available,” is ambiguous, as demonstrated by the fact that county courts have reached opposite conclusions as to its meaning; therefore it is appropriate to consider indicia of legislative intent beyond the language of the statute. Appellant argues that the legislative intent was to coordinate PIP and med pay, not to create coverage where there is none. In support of its argument appellant cites Bolden v. State Farm Mutual Automobile Insurance Co., 689 So.2d 339 (Fla. 4th DCA 1997), in which the court held the plaintiff was not an insured for purposes of med pay under the terms of the policy, even though he had been entitled to PIP benefits. Appellant points out that the county court did not have the benefit of Bolden in rendering its decision in the present case.
Appellee contends that the plain meaning of the statute is that med pay is coextensive with PIP, paying the 20% of medical bills that PIP does not cover. She asserts that the “if available” language indicates that med pay is optional, but if selected, the statute mandates that all policies with med pay coverage make that coverage coextensive with PIP. Further, she asserts that the statutory language is unambiguous, thus reference to legislative history is not appropriate.
We are persuaded that the med pay provision does not apply in all situations where PIP coverage exists. Bolden is on point on this issue. In that ease, the Fourth District concluded that there are two possible meanings of “if available,” and that med pay coverage is not required by law, thus the insurer can make it available exclusively to certain defined insureds, and not across the board to all who are insured for PIP. It is unnecessary to restate the analysis set forth in Bolden. Suffice it to say that we agree with that analysis.
Appellee relies on State Farm Mutual Automobile Insurance Co. v. Swearingen, 590 So.2d 506 (Fla. 4th DCA 1991), review denied, 599 So.2d 1280 (Fla.1992), which we note is also a Fourth District case, in which the court said a three year limitation on med pay coverage was invalid, because it conflicted with the insurance code med pay statute. The court said, in that case, that the “if available” language simply indicated the optional nature of med pay coverage. In Bol-den, however, the Fourth District distinguished Swearingen as follows: “What the court struck down [in Swearingen] was a contract limitation not contained in the statute on coverage otherwise available under the policy. In the instant case [Bolden], med pay is not ‘available’ to the pedestrian under the policy, as the pedestrian was excluded from its terms altogether.”
Appellee also cites State Farm Mutual Automobile Insurance Co. v. Zuckerman, 538 So.2d 895 (Fla. 4th DCA 1989), in support of her position, but in that case, the insurer attempted to take advantage of another insurer’s deductible in determining what med pay benefits were due. The court said the statutory language to the effect that med pay benefits are not payable for the amount of any deductible which has been selected, applies to a single policy, but does not apply when more than one policy is involved. That case is distinguishable.
We believe the case discussed in appellee’s notice of supplemental authority, Mosca v. Globe Indemnity, 693 So.2d 674 (Fla. 4th DCA 1997), another Fourth District case, also is distinguishable because it involved “statutorily prescribed” uninsured motorist coverage, which “ ‘is not to be ‘whittled away’ by exclusions and exceptions,”’ rather than optional med pay coverage. Id. at 675 (citations omitted).
Appellee argued in the alternative that she was covered for med pay by the terms of the policy because she was on the vehicle, momentarily, after it struck her bicycle, although the county court did not rule on this question. Nevertheless, we agree with appellant that appellee was not an insured for purposes of the med pay portion of the policy in that, as a matter of law, she was not “on” the vehicle at the time of the accident. *113 The final summary judgment is REVERSED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.