774 So.2d 859 (2000)
AUTO OWNERS INSURANCE COMPANY, Appellant,
v.
Roger Lee POTTER and Patricia Potter, his wife, Appellees.
No. 4D99-2779.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Patrick B. Flanagan and Thomas A. Berger of Flanagan, Maniotis & Berger, P.A., West Palm Beach, for appellant.
Lisa D. Harpring, Vero Beach, for appellees.

ON MOTION FOR REHEARING
STONE, J.
Appellees' motion for rehearing is denied. However, we withdraw our opinion dated September 20, 2000, and substitute the following opinion, amending footnote 2.
We reverse a final judgment entered in favor of the plaintiff on an issue of uninsured motorist coverage. We hold that the trial court erred in concluding that the plaintiff was covered for the accident in question by the Auto Owners' policy.
The facts are undisputed. At the time of the accident, Roger Potter, while working within the scope of his employment, was operating a Mack truck owned by his employer, Treasure Coast Land Clearing, Inc., and was towing a 1965 Fruehauf trailer which was also owned by Treasure Coast. The other vehicle involved in the collision was at fault and was uninsured.
Auto-Owners insured the Mack truck under a liability and uninsured motorist *860 policy issued to Treasure Coast for all scheduled vehicles. Persons occupying scheduled vehicles with Treasure Coast's consent, such as Potter, were covered under the policy's liability and uninsured motorist provisions. The Mack truck cab was a scheduled vehicle; however, the trailer, which had a load capacity of 10,000 pounds, was not scheduled as an insured vehicle.
The Auto-Owners policy provides, with respect to uninsured motorist coverage:
2. COVERAGE
a. We will pay compensatory damages any person is legally entitled to recover:
(1) from the owner or operator of an uninsured automobile; and
(2) for bodily injury sustained while occupying or getting into or out of an automobile that is covered by SECTION II-LIABILITY COVERAGE of this policy.
(emphasis supplied) Section II-liability coverage, provides the following:
1. COVERAGE
* * *
b. Trailers
(1) The Liability Coverage provided for your automobile includes:
(a) a trailer designed for use with a private passenger automobile;
(b) a trailer with a load capacity of 2,000 pounds or less; and
(c) non-motorized farm machinery or a farm wagon; while used with your automobile, whether owned by you or someone else.
* * *
2. EXCLUSIONS
Liability Coverage does not apply:
* * *
(e) to your automobile when used with any trailer not covered for Liability Coverage by this policy.
(emphasis supplied)
The express policy language excluded the Mack truck if it pulled a trailer with a load capacity in excess of 2,000 pounds. The Mack truck driven by Potter pulled a trailer with a load capacity of 10,000 pounds; therefore, the Mack truck, while pulling the 10,000 pound capacity trailer in this case, was not covered by the liability or UM provisions of the Auto Owners policy.
Notwithstanding the policy language, the trial court denied Auto Owners' motion for summary judgment and, further, determined that Potter was covered under the uninsured motorist provisions of the policy.
We recognize that a policy's uninsured motorist coverage may not be more narrowly drawn than its liability coverage provisions. See Mosca v. Globe Indem., 693 So.2d 674 (Fla. 4th DCA 1997). Here, the liability policy specifically excluded coverage where a covered vehicle was pulling an excluded trailer. As the liability provision excluded coverage, the concomitant exclusion from uninsured motorist's coverage does no violence to the principle acknowledged in Mosca.
Potter argues that the trailer played no part in the head-on collision involving the insured cab in this case and reasons that only where the trailer played a part in the accident should such an exclusion apply. However, the policy provides no such limitation and, as such, the vehicles, as combined, were clearly not within the coverage offered for the premium paid.
We find no ambiguity in the insurance policy, nor do we discern any public policy limitation on enforcing the policy as written. We recognize that in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229, 238 (Fla.1971), the supreme court cautioned that uninsured motorist *861 coverage is not to be "whittled away by exclusions and exceptions;" however, we deem such cautionary language inapplicable here, as Mullis involved class I insureds[1] who, having been injured while driving or occupying an uninsured vehicle, sought coverage on a policy of insurance issued on another vehicle owned by either the injured party or his or her resident relative. Here, the injured party was a class II insured[2] and, as such, could claim uninsured motorist coverage in this case only by virtue of the existence of an insurance policy covering the vehicle he occupied at the time of the collision.[3]See Mullis, 252 So.2d at 233.
In Bulone v. United Services Automobile Ass'n, 660 So.2d 399 (Fla. 2d DCA 1995), decision approved, 679 So.2d 1185 (Fla.1996), where a class I insured's claim for uninsured motorist coverage was denied in a differing fact pattern, the court explained that the strong public policy in favor of protecting class I insureds against statutorily prohibited exclusions from uninsured motorist coverage lacks the same force where the claimant is a class II insured. See 660 So.2d at 405. As Judge Altenbernd noted in the exhaustive opinion:
It is helpful to remember that uninsured and underinsured motorist coverage evolved from unsatisfied judgment insurance. See Mullis, 252 So.2d at 233; [Alan I] Widiss, [Uninsured and Underinsured Motorist Insurance] supra, Sec. 1.9 [(2d ed.1992)]. The goal of this coverage was to assure that families had protection to satisfy judgments or claims when the negligent operator of a car did not comply with financial responsibility laws. Although this coverage was added to the family automobile policy as the most convenient location for this coverage, it could have been issued as a separate policy or even as a portion of a homeowner's policy....
By placing this coverage in the family auto policy, the legislature gave free protection to nonfamily passengers as class II insureds.... The strong policies that compelled the legislature to protect the Florida family from unsatisfied claims do not have the same force when applied to class II insureds who have greater protection under the family's liability coverage, and also have the option of purchasing adequate uninsured motorist coverage on their own family auto insurance policy.
660 So.2d at 404-05 (footnotes omitted). Hence, we hold that the policy provision denying liability and uninsured motorist coverage in this case is not an improper exclusion of uninsured motorist coverage.
We remand for entry of summary judgment in favor of Auto Owners.
WARNER, C.J. and GLICKSTEIN, HUGH S., Senior Judge, concur.
NOTES
[1] Persons claiming coverage as either named insured or as resident relative of the name insured. See Mullis, 252 So.2d at 233.
[2] Persons claiming coverage by virtue of occupying a covered vehicle with consent of the owner. See Mullis, 252 So.2d at 233. In finding Potter to be a class II insured, we are not troubled by his status as an employee of the named insured corporate employer. In anti-stacking case law, which we deem applicable on this point, we have previously held that a sole shareholder of the named insured corporation was a class II insured and not a class I because the corporation is a distinct legal entity separate from those comprising it. See American States Ins. Co. v. Kelley, 446 So.2d 1085 (Fla. 4th DCA 1984); see also Burnsed v. Florida Farm Bur. Cas. Ins. Co., 549 So.2d 793 (Fla. 5th DCA 1989); cf. Florida Farm Bur. Cas. Co. v. Hurtado, 587 So.2d 1314 (Fla.1991).
[3] We caution that we express no opinion herein as to any other uninsured motorist coverage to which Potter may be entitled as no other uninsured motorist coverage was at issue in this appeal.