The **BURLINGTON INSURANCE COMPANY, Plaintiff,**

v.

**ASTURIAS USA MOTORSPORTS COMPANY, Emmanuel Insurance & Associates, Inc. and Patricia Munoz as personal representative of the Estate of Francisco Rapahel Con, individually and as guardian and next friend of Francisco Javier Con and Juan Pablo Con, Defendants.**

No. 04–21933 CIV KING.

United States District Court, S.D. Florida, Miami Division.

May 24, 2005.

---

Greg M. Gaebe, Esq., Gaebe, Mullen, Antonelli, Esco & Dimatteo, Coral Gables, FL, Joel Victor Lumer, American Express Travel Related, Services Company, Inc., Miami, FL, for Plaintiff.

Robert Joseph Bryan, Esq., Francisco Javier Vinas, Esq., Francisco J. Vinas, P.A., Emmanuel Insurance & Associates, Daniel Diaz De La Rocha, Registered Agent, Miami, FL, for Defendant.

## FINAL DECLARATORY DECREE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendants', Asturias USA Motorsport Company, Patricia Munoz, Francisco Javier Con, Juan Pablo Con and the Estate of Francisco Raphael Con, Motion for Summary Judgment, (DE # 28) filed March 30, 2005,[1] and Plaintiff's Cross-Motion for Summary Judgment, (DE # 40) filed May 2, 2005.[2]

On July 30, 2004, Plaintiff filed the above-styled case seeking a declaratory judgment decree that Defendants are not entitled to collect insurance benefits from Plaintiff because their insurance contract did not include uninsured motorist liability insurance and restraining Defendants from instituting a lawsuit against Plaintiff to collect insurance benefits from Plaintiff as a result of the death of Francisco Con. The Court has now received the instant cross-

---

[1]. On April 18, 2005, Plaintiff filed its Response. On April 25, 2005, Defendants filed their Reply.

[2]. On May 12, 2005, Defendants filed their Response. On May 19, 2005, Plaintiff filed its Reply.

motions for summary judgment and both sides agree that the dispute is an issue of law, not fact. Therefore, the Court will treat the cross-motions as applications for declaratory decrees by both parties and determine whether the insurance contract between the two parties included coverage for uninsured motorist liability coverage. Defendants argue that as an operation of Florida law, Plaintiff can be held liable under the policy because Plaintiff failed to obtain a written rejection of uninsured motorist benefits from Mr. Con as required by Florida Statutes § 6627.727(1). Plaintiff does not dispute that a formal rejection form was not obtained by Emannuel from Mr. Con, but argues that such a form was not necessary under Florida Statutes § 627.727(2) because the policy was not "primary liability insurance."

## I. BACKGROUND

Plaintiff, The Burlington Insurance Company, ("Burlington") is a North Carolina corporation qualified to do business as an eligible surplus line insurer in the State of Florida. Burlington does business in the State of Florida through its general managing agent, Morstan General Insurance of Plantation II, ("Morstan") which in turn has a contractual relationship with Co–Defendant, The Emmanuel Insurance Agency, ("The Emmanuel Agency") a local insurance broker located in Hialeah, Florida. Morstan is authorized to bind insurance and issue policies on behalf of Burlington.

Defendant Asturias USA Motorsport Company ("Asturias") was a motorcycle sales, repair and parts facility owned and operated by the decedent, Francisco Raphael Con. Defendant Patricia Munoz is Mr. Con's widow and has been appointed the personal representative of his estate. Mrs. Munoz is also the natural mother and guardian of his surviving children, Defendants Francisco Javier Con and Juan Pablo Con.

On February 10, 2004, Mr. Con, acting on behalf of Asturias, applied for insurance through The Emmanuel Agency from Burlington. Saraj Medina, The Emmanuel Agency's agent, obtained all the information necessary to complete the applications from Mr. Con and completed the applications for him on her computer. (Medina Depo. at p. 74.) Two applications were submitted: (1) the "Accord Application," a generic form used by many insurers; and (2) the "Burlington Application," specifically drafted by Burlington for the type of policy sought by Mr. Con. (Williams Depo. at p. 51, 60.) Mr. Con made no marks on the applications other than to sign them. (Medina Depo. at 95.)

On February 27, 2004, Burlington issued a copy of The Burlington Insurance Company Policy No. 395B000311 ("the policy") to Asturias as the named insured (Def.'s Exh. 6.) The policy is a multi-peril insurance policy that provides both Commercial General Liability Insurance and Garage Coverage. The "Garage Non–Dealer Coverage Form Declarations" is for both "Liability" and "Garagekeepers" insurance. The "Garage Coverage Form—Non–Dealers' Supplementary Declarations Schedule" includes comprehensive and collision insurance for garagekeepers insurance. (Def.Exh. 7.) The policy provides express liability coverage for automobile accidents in the stated limits of $1,000,000.00 for accidents involving Covered Autos Symbol 29. The insurance policy defines Covered Autos Symbol 29 as

NONOWNED "AUTOS" USED IN YOUR BUSINESS. Any "auto" you do not own, lease, hire, rent, hold for soale or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members

of their households while used in your garage business.

(Def.Exh. 9.)

On March 25 2004, Mr. Con was driving a 2001 Bobw Motorcycle, which was owned by a customer Alejandro Raphael who had left it for servicing by Asturias garage. While Mr. Con was stopped at a traffic light, two uninsured motorists collided in the intersection in front of him. As a result of the collision, one of the uninsured motorists hit a stop sign, which was then propelled into Mr. Con, killing him. It is undisputed that Mr. Con was killed by an uninsured motorist while operating a vehicle in connection with Asturias' garage operations. (*See* Plaintiff's Resp. at 18:46.)

## II. *STANDARD OF REVIEW*

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. *Id.* at 251, 106 S.Ct. 2505.

The party seeking summary judgment always bears the initial burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir.1993). If the mov-

ant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston,* 9 F.3d at 918. To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel. Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston,* 9 F.3d at 919.

## III. *DISCUSSION*

The only disputed issue before the Court is whether Burlington's failure to obtain a written rejection of uninsured motorists coverage in the form provided for by Florida Statutes 627.721(1) renders Burlington liable under the policy for uninsured motorists coverage. Generally, it is the policy of the State of Florida that uninsured motorist coverage must accompany every automobile liability insurance policy. *Mosca v. Globe Indem.,* 693 So.2d 674, 675 (Fla. 4th DCA 1997). Florida Statute § 627.727(1) states that:

No motor vehicle liability insurance policy which provides bodily injury coverage shall be delivered or issued for delivery in this state with respect to *any specifically insured or identified motor vehicle* registered or principally insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

However, the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy

(emphasis added).

■ First, Plaintiff argues that the policy does not fall under subsection (1) because the policy does not cover "any specifically insured or identified motor vehicle." However, in *Mosca,* a Florida court found that a garage liability policy that covered "any auto" used in connection with "garage operations" fell within subsection (1) because it specifically identified the class of automobile covered under the insurance policy. 693 So.2d at 675. In that case, the court noted that uninsured motorist coverage must be afforded in the state of Florida and the State's policy should not be "whittled away by exclusions or exceptions." *Id.; see also Sapienza v. Security Ins. Co. of Hartford,* 543 So.2d 845 (Fla. 4th DCA 1989) (holding that because the garage keepers policy covered liability for motor vehicle accidents compliance with § 627.727 was required). Similarly, in the instant case, the policy was a garage insurance policy that covered a specifically identified class of automobiles, namely non-owned automobiles used in connection with the garage business. Because it is undisputed that Mr. Con was in an accident while using a non-owned vehicle in connection with his business, it is clear that he was using a "specifically insured or identified motor vehicle" subject to § 627.727(1).

■ Second, Plaintiff argues that a formal written rejection of uninsured motorist coverage was not required in this case because the policy falls within the limited exception to subsection (1). Florida Statutes § 627.727(2) states that subsection (1) does not "apply to any policy which does not provide primary liability insurance that includes coverage for liabilities arising from the maintenance, operation, or use of a specifically insured motor vehicle." Plaintiff argues that due to Section 5 of the policy, entitled "Other Insurance," which requires that in the event of a collision involving an unowned vehicle occurs any insurance collectible on the unowned covered vehicle would pay before Burlington's obligation, the policy in this case in non-primary liability insurance and it falls within the exception of subsection (2). However, this term, which can be found in all insurance policies, does not convert the policy into an "excess" or "umbrella" policy where there is no other insurance policy and Defendants are not seeking limits above the primary policy limits.

## IV. CONCLUSION

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is ORDERED and ADJUDGED that Defendants' Motion for Summary Judgment be, and the same is hereby, GRANTED. It is further ORDERED, ADJUDGED and DECREED that Defendants may seek recovery from Plaintiff for uninsured motorists insurance under the policy in the proper court. The Plaintiff's motion for injunctive relief against Defendant's instituting an action against Plaintiff for the recovery of insurance payments under the policy be, and the same is hereby, DENIED. The Court retains jurisdiction to assess fees and costs, if any.