370 So.2d 452 (1979)
George HOLLOWAY and Glenn White, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 77-2145.
District Court of Appeal of Florida, Fourth District.
May 9, 1979.
*453 Sylvan B. Burdick and Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellants.
Frank W. Weathers and Stanley, J. Narkier of Weathers & Narkier, West Palm Beach, for appellee.
ANSTEAD, Judge.
This appeal involves the personal injury protection and medical payments provisions of an automobile insurance policy.
The appellants were injured in an automobile accident. As a result they were unable to return to work and they required extensive medical treatment. Under insurance policies with the appellee, the appellants had personal injury protection coverage (PIP) in the amount of $5,000.00 for lost income and medical expenses and also had medical payments coverage in the amount of $5,000.00 for medical bills incurred within one year of the accident. The PIP coverage had no time limitation. Another provision of the policy provided:
Any automobile medical payments insurance and any protection against uninsured motorists insurance afforded by the policy shall be excess over any benefits available, or which would be available but for the application of a deductible, under the Florida Automobile Reparations Reform Act.
PIP coverage is required under the Florida Automobile Reparations Reform Act.
Appellants made a claim for their loss of income under the PIP coverage and specifically requested that the appellee either pay no medical expenses at all or pay medical expenses out of the medical payments coverage. The appellee ignored appellants' instructions and applied all of the remaining PIP benefits to the payment of medical bills and denied any further claim for lost income because the PIP coverage had been exhausted. Appellants then sued, claiming they had a right to utilize the PIP coverage for lost income prior to the payment of any medical bills and that the appellee had wrongfully acted in using the PIP coverage to pay medical bills. The trial court entered a summary judgment for the appellee on the authority of this court's decision in Moylan v. State Farm Mutual Automobile Insurance Company, 343 So.2d 56 (Fla. 4th DCA 1977).
In Moylan, this court refused to invalidate the one-year contractual limitation on medical payments coverage. There, the insured had submitted bills incurred more than one year after the accident for payment under the medical payments coverage. The insurer denied the claim under the express one year limitation in the policy and we held such denial was lawful. We affirmed that position in Florida Farm Bureau Casualty Insurance Co. v. Fichera, 366 So.2d 867 (Fla. 4th DCA 1979). In both Moylan and Fichera we discussed the difficult problem that had arisen as a result of the legislature's pronouncement in the nofault insurance law that PIP coverage was "primary". Section 627.736(4), Florida Statutes (1975). The appellants claim "primary" should be construed to mean that the PIP benefits are to be paid before payment under any other coverages outside the policy of insurance provided by appellee. In other words, appellants claim the PIP coverage is not primary to the medical payments coverage in the same policy but rather is additional coverage and that therefore recovery should be allowed without regard to the PIP coverage.
We agree that it is not exactly clear what the legislature intended by use of the word *454 "primary".[1] There is no definition or explanation in the statute itself. However, in this case, the provisions of the appellee's policy specifically provide that medical payments coverage shall be excess over the PIP coverage. Hence, regardless of what the legislature meant by the use of the word "primary", the parties themselves have agreed the PIP coverage is primary and must be exhausted before the excess medical payments benefits are available. In the case at hand the amount of PIP and medical payments benefits available for payment of medical bills will depend on the extent of the appellants' claims for lost income.
The appellants had two coverages available to them, PIP and medical payments. Realizing that the medical payments coverage only applied to bills incurred within the first year of the accident and that their claim for lost income might be substantial, the appellants sought to take maximum advantage of the coverages available by initially limiting their claim under the PIP coverage to one for lost income. That way, if the entire $5,000.00 of PIP coverage went to a claim for lost income, the appellants would still have $5,000.00 of coverage available for first year medical bills under the medical payments coverage. But if the PIP coverage was used up first to pay medical bills there would be no coverage available for lost income, and the medical payments coverage would only cover the small amount of medical expenses incurred within the first year that were not paid out of the PIP. We believe the appellants had the right to apportion their claims so as to secure the maximum benefits available. We reject the contention of the appellee that such right was eliminated by the legislature when it made PIP coverage "primary". Since the appellants had the right to have their claims for loss of income paid out of their PIP coverage before having any medical bills paid out of such coverage, the appellee was not entitled to a summary judgment on the grounds that it properly paid the medical bills out of the PIP coverage because such coverage was "primary". The extent of lost wages to be paid has not been determined and that determination will control the amount of PIP and medical payment benefits available to the appellants to pay medical bills.
Accordingly, since we have concluded that there are still material factual issues to be resolved, the final summary judgment is hereby reversed with directions for further proceedings in accordance with the terms of this opinion.
BERANEK, J., and DAKAN, STEPHEN LEE, Associate Judge, concur.
NOTES
[1] The authors of the chapter entitled Personal Injury Protection Coverage in the Florida Bar's Continuing Legal Education Committee's publication "Florida No-Fault Insurance Practice", Second Edition (1979) take the view that PIP coverage is primary over medical payments coverage.