RYDER, Judge.
Appellant, Marcella Bennett (Bennett), contends that the trial court erred when it dismissed her declaratory action with prejudice, in which she sought a determination of her rights under the personal injury protection (PIP) and medical payments coverage of her automobile insurance policy with appellee, State Farm Mutual Automobile Insurance Company (State Farm). Bennett brought this action because State Farm refused to reapportion her benefits which would have afforded her the maximum benefits under her policy. We agree and reverse, because as an insured Bennett has the right to apportion her claim so as to obtain the maximum benefits available under her insurance policy. See Holloway v. State Farm Mutual Automobile Insurance Co., 370 So.2d 452 (Fla. 4th DCA 1979).
At the time of the accident, Bennett had two coverages available to her, PIP and medical payments. Bennett’s attorney submitted her claims to State Farm, along with a letter requesting State Farm to make payment under Bennett’s PIP and medical pay benefits. State Farm applied the payments of medical bills in the manner it chose and, in so doing, exhausted the PIP benefits before using up the medical payment benefits, thereby leaving no further benefits available to cover Bennett’s lost wages.
State Farm argues that the trial court did not misapply Holloway, because in Holloway the insureds made a request for apportionment before any benefits were paid as the insureds realized that they needed the PIP for lost wages. Therefore, State Farm reasoned that Bennett was not entitled to have the benefits reapportioned as State Farm had already made payments which exhausted the PIP benefits leaving approximately $1,000.00 available for medical payments under the medical payments coverage.
We decline to make this distinction. We note that the insurance policy in question is not part of the record on appeal. No issue was raised regarding limiting language which might require a different result than that reached herein. Few insureds can foresee exactly how an accident will affect their lives. Here, Bennett initially had lost wages and medical expenses, then sometime after the accident she had additional lost wáges, no further PIP coverage, and unused medical payments coverage. We do not feel that it is right to deny insured’s benefits for which they have clearly paid, because they did not have the insight to determine how their payments should be apportioned.
State Farm chose to exhaust the PIP benefits first, despite the fact that the majority of the claims submitted were for medical expenses. State Farm should have been more concerned about their obligation to provide their insured with the maximum benefits allowable under their contract. Instead, State Farm unfairly argues that it should be allowed to keep the benefit of the $1,000.00 that Bennett paid for inasmuch as she did not foresee the need to allocate prior to submitting her first claim. The fact remains, however, that Bennett has approximately $1,000.00 worth of benefits remaining under the medical payment provision, and by not allowing her to reapportion her claim she is not receiving the full value of the contract for which she bargained and paid premiums.
Accordingly, we reverse the trial court’s order dismissing Bennett’s declaratory action and remand with instructions that the trial court order State Farm to reapportion Bennett’s claim.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and HALL, J., concur.