673 So.2d 526 (1996)
Marjorie HOWELL-DEMAREST, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 95-1027.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
Rehearing Denied June 4, 1996.
*527 Arnold R. Ginsberg of Perse, P.A. & Ginsberg, P.A. and Hoppe, Backmeyer & Stokes, Miami, for appellant.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., and Charles B. Green, Jr. of Green, Murphy & Wilke, P.A., Fort Lauderdale, for appellee.
KLEIN, Judge.
The insured's State Farm policy provided $100,000 in medical payment coverage and $10,000 in personal injury protection coverage (PIP). PIP coverage pays 80% of medical expenses and 60% of loss of income up to its limits. After an accident, the insured, as she was entitled to do, requested State Farm to pay her medical bills from her medical pay coverage, not her PIP coverage, in order to maximize her benefits for lost wages under the PIP coverage. State Farm did not comply, and she sued for the PIP benefits, also alleging that State Farm's refusal is a general business practice which will *528 give rise to a statutory punitive damage claim.[1]
The insured's claim is based on Holloway v. State Farm Mutual Automobile Insurance Co., 370 So.2d 452 (Fla. 4th DCA 1979), in which the insureds had PIP coverage of $5,000 for both medical expenses and lost income, and medical pay coverage of $5,000 for medical expenses. After being injured in an accident the insureds asked State Farm to pay the medical expenses out of the medical pay coverage so that PIP coverage would not be exhausted by payments for medical expenses, thus making more benefits available to pay wage losses. State Farm refused and the insureds filed suit. We held, in a case of first impression, that an insured has the right to have benefits so allocated upon request. We did not go so far as to hold that State Farm had a duty to do so automatically, because the PIP statute, section 627.736(4), Florida Statutes (1975), made PIP coverage "primary," as did State Farm's policy.
The statutory basis alleged in the insured's complaint is section 626.9541(1)(i) 2 and 3, Florida Statutes (1991)[2], which subsection is titled "Unfair Claims Settlement Practices." Section 624.155 authorizes civil actions for violations of section 626.9541(1), but provides in subsection 624.155(4), with regard to punitive damages:
No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
(a) Willful, wanton, and malicious;
(b) In reckless disregard for the rights of any insured;
The insured alleges that notwithstanding Holloway, State Farm, after being requested by the insureds to allocate, has refused to do so "with such frequency as to indicate a general business practice ... in reckless disregard for the rights of ... [insureds]." § 624.155(4).[3] As evidence of a general business practice, the insured cited in her complaint three other reported decisions in which State Farm had failed to follow Holloway; State Farm Mutual Automobile Insurance Co. v. Chacon, 385 So.2d 179 (Fla. 3d DCA 1980) (merely affirming on authority of Holloway); Bennett v. State Farm Mutual Automobile Insurance Co., 580 So.2d 217 (Fla. 2d DCA 1991); Margiotta v. State Farm Mutual Automobile Insurance Co., 622 So.2d 135 (Fla. 4th DCA 1993).
The trial court granted State Farm's motion for summary judgment, and although the court did not set forth its reasoning, it appears, based on the arguments made at the hearing, that the court concluded that the allegations against State Farm were not sufficiently egregious to give rise to a punitive damage claim under section 624.155(4). We disagree.
In Home Insurance Co. v. Owens, 573 So.2d 343 (Fla. 4th DCA 1990), rev. denied, 592 So.2d 680 (Fla.1991), we suggested that *529 the "reckless disregard" language in section 624.155(4)(b) appears to be less stringent than the "willful, wanton, and malicious" requirement of subsection (4)(a), which we equated to be the common law standard for punitive damages set forth in Como Oil Co. v. O'Loughlin, 466 So.2d 1061, 1062 (Fla.1985) (the equivalent of criminal manslaughter). In Dunn v. National Security Fire and Casualty Co., 631 So.2d 1103, 1109 (Fla. 5th DCA 1993), the court stated that the: "statute requires proof of a degree of outrageous or egregious conduct...."
In Bennett, State Farm refused to allocate pursuant to Holloway because the insured had not made the request to allocate prior to some payments having already been made which exhausted the PIP benefits for medical expenses, leaving nothing for lost wages. In rejecting that contention, Judge Ryder stated:
Few insureds can foresee exactly how an accident will affect their lives. Here, Bennett initially had lost wages and medical expenses, then sometime after the accident she had additional lost wages, no further PIP coverage, and unused medical payments coverage. We do not feel that it is right to deny insured's benefits for which they have clearly paid, because they did not have the insight to determine how their payments should be apportioned.
State Farm chose to exhaust the PIP benefits first, despite the fact that the majority of the claims submitted were for medical expenses. State Farm should have been more concerned about their obligation to provide their insured with the maximum benefits allowable under their contract. Instead, State Farm unfairly argues that it should be allowed to keep the benefit of the $1,000.00 that Bennett paid for inasmuch as she did not foresee the need to allocate prior to submitting her first claim. The fact remains, however, that Bennett has approximately $1,000.00 worth of benefits remaining under the medical payment provision, and by not allowing her to reapportion her claim she is not receiving the full value of the contract for which she bargained and paid premiums.
Bennett, 580 So.2d at 218.
Notwithstanding the fact that an insured pays a separate premium for PIP and medical pay coverage, this court did not, in Holloway, require that benefits automatically be paid by the insurer in a manner which would give the insured full benefit of the PIP coverage. We held that the insurer was required to allocate only after being requested to do so. If in fact State Farm has a "general business practice" of not allocating, i.e., not paying out benefits as they are clearly required to do under the law, that, in our opinion, would be the type of conduct for which the insured could recover punitive damages.
The insured has yet to establish in the record that State Farm has engaged in this practice more often than in the present case and the cited cases. To survive a motion for directed verdict, the insured would have to demonstrate that State Farm engaged in this practice far more frequently than that. But we are reviewing a summary judgment, and State Farm has not met its burden of establishing the non-existence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966). We therefore reverse and remand for further proceedings.[4]
PARIENTE and GROSS, JJ., concur.
NOTES
[1] State Farm paid the compensatory damages after suit was filed and argues that there can be no claim for punitive damages in the absence of a claim for compensatory damages. That argument is unavailing where, as here, there is a settlement of the compensatory damage claim, but no settlement of the punitive damage claim. Stephenson v. Collins, 216 So.2d 433 (Fla.1968).
[2] Subsections 1(i)(2) and (3) provide:

2. A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy; or
3. Committing or performing with such frequency as to indicate a general business practice any of the following:
* * * * * *
b. Misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;
c. Failing to acknowledge and act promptly upon communications with respect to claims.
[3] Holloway was not merely binding on State Farm in the fourth district. In the absence of a conflicting decision from another district court of appeal, it was applicable statewide. Pardo v. State, 596 So.2d 665 (Fla.1992) (citing State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976)).
[4] We do not agree with the insured's allegations in the complaint that State Farm also was under a duty to automatically allocate, in the absence of a request by the insured, since the case law does not require that. Those allegations should be stricken after remand.