IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHAD LORD,

       Appellant,

v.

                                      Case No. 5D22-1648
LT Case No. 2018-CA-000428

FEDNAT INSURANCE COMPANY,

       Appellee.

_____/

Opinion filed June 23, 2023

Nonfinal Appeal from the Circuit Court
for Flagler County,
Terence R. Perkins, Judge.

Matthew Struble, of Struble, P.A.,
Indialantic, for Appellant.

Lauren J. Smith, of Luks, Santaniello,
Petrillo, Cohen & Peterfriend, Stuart,
for Appellee.

HARRIS, J.

      Appellant, Chad Lord, appeals the trial court's non-final order denying

his motion for leave to amend his complaint to assert a claim for punitive

damages. Because Appellant has not demonstrated reversible error, we affirm.

On July 9, 2017, Appellant's house was struck by lightning, causing significant damage to his home. That same day, he reported the claim to his homeowner's insurance company, FedNat Insurance Company ("FedNat"). Over the next several weeks, FedNat ordered inspections of the property, prepared numerous status reports, and provided an estimate for the structural damage caused by the lightning strikes. However, two months after the incident, FedNat had still not assessed the electrical component damages claimed by Appellant. On October 20, 2017, Appellant filed a civil remedy notice (CRN) of insurer violations against FedNat.

In November 2017, FedNat's litigation manager noted that the claim had been open for 120 days with no coverage determination, that there was a CRN pending, and requested that FedNat's adjuster review the file to complete the claim evaluation. The following month, some payments were made to Appellant, but FedNat acknowledged that the payments were not issued within 90 days of the reported claim as required by law.

On June 1, 2018, an appraisal award was entered in favor of Appellant for an amount significantly greater than the payments previously tendered by FedNat. Appellant filed a complaint against FedNat for violations of section

2

626.9541, Florida Statutes (2018), and in October 2021, he moved to amend the complaint to add a claim for punitive damages. He argued that he was entitled to assert a claim for punitive damages pursuant to section 624.155(5), Florida Statutes (2021), because the acts giving rise to the alleged violations occurred with such frequency as to indicate a general business practice and these acts were in reckless disregard for the rights of the insured. Following a hearing, the court denied Appellant's motion, finding, inter alia, that Appellant failed to present a sufficient proffer to constitute a general business practice as required by section 624.155(5). We agree.

A trial court's decision on a motion for leave to amend a complaint to add a punitive damage claim is reviewed de novo. See Progressive Select Ins. Co. v. Ober, 353 So. 3d 1190, 1192 (Fla. 4th DCA 2023). "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2021). "The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure." Id.; accord Fla. R. Civ. P. 1.190(f).

In his complaint, Appellant alleged violations of section 626.9541(1)(i)(3)(a) and (c)—failure to implement standards for proper

investigation of claims and failure to act promptly upon communications with respect to claims. Section 624.155(5) allows for punitive damages if the claimant can prove the acts giving rise to the violations occur with such frequency as to indicate a general business practice and these acts are:

>  (a) Willful, wanton, and malicious;
>
>  (b) In reckless disregard for the rights of any insured; or
>
>  (c) In reckless disregard for the rights of a beneficiary under a life insurance contract.

§ 624.155(5), Fla. Stat. (2021). Appellant only claims entitlement to punitive damages under section 624.155(5)(b). Accordingly, he must make a reasonable showing by evidence in the record or by proffer that the alleged violations constitute a general business practice and that the acts are in reckless disregard for his rights as an insured.

In asserting that FedNat's violations of section 626.9541(1)(i)(3)(a) and (c) were a general business practice, Appellant primarily relies on the deposition from FedNat's vice president of claims, Brian Turnau, taken in 2018 during a separate unrelated case. In that deposition, Turnau stated that in 2015, he was unaware of any written guidelines related to settling a claim after receiving a CRN. Appellant also relies on the deposition of FedNat's field adjuster who testified that he was not aware of any guidelines for the adjustment of lightning strike claims at the time FedNat adjusted Appellant's

4

claim. Appellant argues that a jury could find that as a business practice, FedNat failed to implement standards for the proper investigation of lightning strike claims or that it at least failed to provide the guidelines to its adjusters.

To establish that an insurer committed violations with such frequency as to indicate a general business practice, the insured must provide evidence of violations beyond his own claim. See Jablonski v. St. Paul Fire & Marine Ins. Co., No. 2:07-cv-00386, 2010 WL 1417063, at *1 (M.D. Fla. Apr. 7, 2010); see also Fox Haven of Foxfire Condo. IV Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co., No. 2:13-cv-399-FTM-29CM, 2015 WL 667935, at *6 (M.D. Fla. Feb. 17, 2015) ("Typically, a plaintiff establishes a general business practice by demonstrating that the insurer also acted in [bad] faith when evaluating numerous other claims."); Shannon R. Ginn Constr. Co. v. Reliance Ins. Co., 51 F. Supp. 2d 1347, 1353 (S.D. Fla. 1999) ("[I]t seems clear that 'general business practice' means more than acting in the proscribed manner in the plaintiff's own claim."). A claimant must show "other acts" and not necessarily "other claims." Jablonski, 2010 WL 1417063, at *1.

The only evidence to support a punitive damages claim provided by Appellant is deposition testimony suggesting that FedNat had no specific standards relating to settling claims after receiving a CRN or for adjusting a lightning strike claim. Otherwise, the evidence established that the policies

5

and procedures for investigating and adjusting claims were contained in FedNat's claims manual. We conclude that, even if failing to have policies that are specific to these types of claims violates section 626.9541(1)(i)(3), it does not demonstrate that the acts giving rise to the violations occur with such frequency as to establish a general business practice.

Accordingly, we agree with the trial court that Appellant has not made a reasonable showing that FedNat's alleged violations of section 626.9541(1)(i)(3)(a) and (c) occurred with such frequency as to indicate a general business practice. See Howell-Demarest v. State Farm Mut. Auto. Ins. Co., 673 So. 2d 526, 528 (Fla. 4th DCA 1996) (explaining that insured only established that insurer engaged in practice in insured's case and three other cases cited by insured, and that insured would need to demonstrate insurer engaged in practice far more frequently than that); see also Sandpiper Isle Condo. Ass'n v. Empire Indem. Ins. Co., No. 2:21-cv-105-JLB-MRM, 2022 WL 2316999, at *1 (M.D. Fla. June 28, 2022) (finding insured failed to plead general business practice because beyond its own claim, insured only identified one other comparable instance); cf. Hogan v. Provident Life & Accident Ins. Co., 665 F. Supp. 2d 1273, 1289 (M.D. Fla. 2009) (finding insured adequately pled claim for punitive damages by

alleging that insurer committed similar acts of bad faith in more than 4,000 other claims).

Because we conclude that Appellant has not reasonably shown evidence of other instances to establish a general business practice of committing the alleged violations, we need not reach the next step of whether he established the acts were in reckless disregard for his rights. The order denying Appellant's motion for leave to amend his complaint to assert a claim for punitive damages is AFFIRMED.

EISNAUGLE and PRATT, JJ., concur.