IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SUSANNE COOK,

    Appellant,

v.

FLORIDA PENINSULA INSURANCE COMPANY,

    Appellee.

_____/

Case No. 5D22-2334
LT Case No. 05-2021-CA-013837-X

Opinion filed August 11, 2023

Appeal from the Circuit Court
for Brevard County,
Michelle L. Naberhaus, Judge.

Matthew Struble, of Struble, P.A.,
Indialantic, for Appellant.

Diane H. Tutt, of Conroy Simberg,
Hollywood, for Appellee.

MACIVER, J.

    Susanne Cook ("Appellant") appeals the trial court's denial of her motion for leave to amend her complaint to assert a claim for punitive damages against Appellee, Florida Peninsula Insurance Company ("the Insurance Company"). Appellant argues that the trial court erred because it

applied an improper standard as to the sufficiency of the evidence required to assert a claim for punitive damages, and by ruling that the Insurance Company's misrepresentation to Appellant in the underlying lawsuit was a mistake, and not intentional. We agree and therefore reverse the entry of the trial court's order and remand for further proceedings.

BACKGROUND—

Following the conclusion of a first-party lawsuit for windstorm insurance benefits, Appellant filed a motion for leave to amend to assert a claim for punitive damages, and a proposed amended complaint alleging bad faith by the Insurance Company.

Appellant claimed that in the underlying lawsuit, the Insurance Company ignored information in its own file confirming coverage for her claim, used faulty data when it denied the claim, failed to conduct a proper investigation of the claim, misrepresented the policy and coverages afforded under the policy, and refused to issue payment for coverage under the policy to restore the property to its pre-loss condition.

Specifically, Appellant claimed that prior to issuing its determination letter, the Insurance Company failed to properly inspect the property and its engineer relied on faulty data when rendering his report. Then, in its determination letter to her, the Insurance Company removed two words from

2

the provision in her policy that triggered coverage for her claim. In a claim that involved water intrusion through doors and windows, the Insurance Company removed the words "door" and "window" from its representation of her policy language. Also, language was removed from the heading of the cited provision and the lead-in paragraph was altered to provide that the coverage was for the dwelling and personal property—not for the dwelling and other structures—which further meaningfully changed the policy language.

Appellant claimed the Insurance Company breached its duty of good faith to her by not attempting to settle her claim when it could have and should have done so. As a result, she suffered actual damages including but not limited to attorney's fees, public adjuster's fees, expert fees, loss of use and decrease in value of her property, loss of enjoyment of her property, damaged credit, and general damages.

Appellant further claimed that the Insurance Company—as a business practice—misrepresented pertinent facts or insurance policy provisions relating to coverages at issue, intentionally omitted language to mislead insureds and avoid paying claims, and failed to properly investigate claims.

Appellant detailed the actions taken by the Insurance Company in its handling of her own claim and provided examples of three other similar

claims. In the first two examples, Appellant presented copies of letters from the Insurance Company to two other insureds that were similar in substance to that which it sent to Appellant—denying coverage and misrepresenting the terms of their policies by changing and omitting the language that would trigger coverage. In the third example, Appellant presented excerpts from the deposition testimony of a corporate representative of the Insurance Company stating it did not retain an engineer to properly inspect reported damage on another claim prior to denying coverage.

During the hearing held on Appellant's motion, the trial court found there had to be a showing of frequency of a general business practice of more than three other claims for punitive damages to be asserted. Further, the Insurance Company's misrepresentation was a mistake. As a result, the trial court denied Appellant's motion for leave to amend her complaint to assert a claim for punitive damages.

ANALYSIS—

Because the issues presented involve a question of law, our standard of review is de novo. *See Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 644 (Fla. 5th DCA 2005). Under the de novo standard, this Court views the record evidence and the proffered evidence in the light most favorable to

4

the plaintiff and accepts said evidence as true for the purpose of reviewing whether a reasonable basis exists for punitive damages. *Id.*

I.

The questions that we address first are what constitutes a sufficient showing of frequency of a general business practice for punitive damages to be asserted, and whether Appellant met that standard. The trial court determined that Appellant was required to establish evidence of more than three other claims and, having concluded that Appellant failed to do so, entered the order now on appeal.

On a typical motion for leave to amend a complaint, the rules of civil procedure require leave of court to be "given freely when justice so requires." Fla. R. Civ. P. 1.190(a). But a more rigorous standard is applied to a motion for leave to amend a complaint to assert a punitive damages claim.

Section 768.72, Florida Statutes (2022), governs a plaintiff's ability to bring a punitive damages claim. It provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1); *see also* Fla. R. Civ. P. 1.190(f). Further, "[t]he rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears

reasonably calculated to lead to admissible evidence on the issue of punitive damages." § 768.72(1), Fla. Stat. (2022).

A proffer of evidence supporting a punitive damages claim "is merely a representation of what evidence the [party] proposes to present and is not actual evidence." *Est. of Despain,* 900 So. 2d at 644. "By allowing a punitive damages claimant to satisfy his initial burden by means of a proffer, section 768.72 contemplates that a claimant might obtain admissible evidence or cure existing admissibility issues through subsequent discovery." *Royal Marco Point I Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 3:07 CV 16, 2010 WL 2609367, at *2 (M.D. Fla. June 30, 2010).

"Punitive damage amendments are different than traditional amendments in that section 768.72 has created a substantive legal right not to be subject to a punitive damage claim until the trial court rules that there is a reasonable evidentiary basis for punitive damages." *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005) (citation omitted). "[T]he standard that applies to determine whether a reasonable basis has been shown to plead a claim for punitive damages should be similar to the standard that is applied to determine whether a complaint states a cause of action." *Est. of Despain,* 900 So. 2d at 644–45. "Within the framework of this standard, we will view the record evidence and

6

the proffer in the light most favorable to [complainant] and accept it as true." *Id.*

Finally, section 768.72(2) sets forth the burden of proof *at trial* and provides that a defendant may be held liable for punitive damages "only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2022).

Thus, it is not whether the wrongful business practice has already been proven, but whether the plaintiff made a sufficient showing by evidence in the record or proffer to establish a *reasonable basis* for it to ultimately be found that the defendant engaged in the wrongful conduct as a business practice.

In the instant case, the trial court relied on *Howell-Demarest v. State Farm Mutual Automobile Insurance Co.*, 673 So. 2d 526 (Fla. 4th DCA 1996), in determining that Appellant's evidence of her own claim and three similar claims was insufficient to establish a general business practice.

In *Howell-Demarest*, as evidence of a general business practice, the insured cited three other reported decisions in which State Farm refused to allocate benefits upon request by the insured. The court addressed the

7

evidence required to show frequency of conduct to indicate a general

business practice as follows:

> If in fact State Farm has a "general business practice" of not allocating, i.e., not paying out benefits as they are clearly required to do under the law, that, in our opinion, would be the type of conduct for which the insured could recover punitive damages.
>
> The insured has yet to establish in the record that State Farm has engaged in this practice more often than in the present case and the cited cases. To survive a motion for directed verdict, the insured would have to demonstrate that State Farm engaged in this practice far more frequently than that. But we are reviewing a summary judgment, and State Farm has not met its burden of establishing the non-existence of a genuine issue of material fact.

*Id*. at 529. Notably, the court held that evidence of more than three other

violations were required *to survive a motion for a directed verdict*—not a

motion to allow a punitive damages amendment in the first instance, as here.

This Court finds that the *Howell-Demarest*'s "three is not enough" standard

does not apply on a motion for leave to amend to assert a claim for punitive

damages. [1]

---

[1] As this case is before us concerning a motion for leave to add a claim for punitive damages, we do not reach the issue addressed by the Fourth District in *Howell-Demarest* as to what is necessary to survive a motion for directed verdict.

There is no magic number for other evidence required to show frequency of a general business practice in order to assert a claim for punitive damages—at a minimum it is the plaintiff's own claim and at least one more. What is required is "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2022); Fla. R. Civ. P. 1.190(1)(f).

Below, the trial court erred by applying the *Howell-Demarest* standard for evidence needed to prevail on a directed verdict to the evidence needed to support Cook's motion for leave to amend to assert a claim for punitive damages.

Appellant's actual evidence and proffered evidence reasonably demonstrate an indication that the Insurance Company misrepresented coverage and failed to properly investigate claims as a general practice, in reckless disregard for the rights of its insureds.

Further, the record evidence was sufficient to show that the Insurance Company was aware of, participated in, and ratified the conduct initiated in its initial determination letter to Appellant throughout the pendency of the underlying litigation. When viewed in a light most favorable to Appellant, and in accordance with the standard that determines the level of misconduct

9

warranting an award of punitive damages, a reasonable basis can be formed to allow Appellant to plead a claim for punitive damages.

## II.

The asserted basis for Appellant's claim for punitive damages under the statute was "intentional misconduct".

> "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

§ 768.72(2)(a), Fla. Stat. (2022). Under section 768.72(2)(a), if there are reasonable inferences and sufficient circumstances, then the issue of intent typically becomes a question of fact for the jury, not the trial court.

Appellant claims that the trial court erred in denying her motion for leave to amend by finding that the Insurance Company's misrepresentation of her policy was a mistake, and not intentional.

The Insurance Company claims its conduct was a mistake, as it had no intent to deliberately misstate or omit any applicable policy language in its determination letter, but simply mistakenly copied a provision from another section of Appellant's policy.[2] Further, the Insurance Company

---

[2] Although the Insurance Company declares that all policy provisions in its determination letter are in Appellant's policy and it did not remove

10

argues that the trial court did not make a finding of "no intent," but merely observed that the evidence showed there was a mistake and not a misrepresentation.

The evidence and proffer submitted by Appellant consisted of:

- copies of the Insurance Company's determination letter denying coverage, with the faulty language purported to have been copied from Appellant's policy;

- her own policy;

- the Insurance Company's answer and affirmative defenses in the underlying lawsuit with the faulty language purported to have been copied from Appellant's policy;

- two civil remedy notices of insurer violations filed by Appellant;

- evidence of three other similar claims;

- the jury verdict in the underlying lawsuit; and

- an excerpt of the Insurance Company's closing argument in the underlying trial in which it claimed it had made a mistake in copying the wrong language from a different section of Appellant's policy, but that nevertheless there was no coverage for Appellant under the policy and the "typographical error" in the letter did not change that.

---

language from the policy provision, our review of the record before us shows that the language provided by the Insurance Company to the Appellant, to the court below, and to this Court is not found exactly as stated by the Insurance Company anywhere in Appellant's policy.

The trial court found that the evidence proffered by Appellant showed only that there was a mistake in the Insurance Company's denial letter, as opposed to a misrepresentation.

We conclude that there were reasonable inferences and sufficient circumstances submitted to plead intentional misconduct. The trial court was required to determine whether Appellant offered reasonable evidence of a misrepresentation, not whether the mistake was intentional. Within that framework, the trial court was required to view the record evidence and the proffer in the light most favorable to Appellant and accept it as true. The trial court erroneously made a factual determination at the pleading stage.

## III.

The trial court's order is reversed, and this case is remanded for further proceedings.

REVERSED and REMANDED.

SOUD and PRATT, JJ., concur

12